[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-12755; 13-10158
Non-Argument Calendar

————————————————

Agency No. A079-495-334

SALEH MAA ALGHUBARI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petitions for Review of a Decision of the
Board of Immigration Appeals

————————————————

(February 7, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Saleh Alghubari, a native and citizen of Saudi Arabia, seeks review of the Board of Immigration Appeals's (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT), as well as the BIA's orders denying his motion to reconsider and motion to reopen his removal proceedings.  On appeal, Alghubari argues that the BIA erred when it found that he had not established past persecution or a well-founded fear of future persecution based on his status as an Ismaili-Muslim and the fact that fathered a child out of wedlock.   He also argues that the BIA abused its discretion in denying his motion to reconsider because the BIA improperly characterized his motion as merely a re-argument of the issues raised in his direct appeal.  Lastly, Alghubari argues that the BIA abused its discretion in denying his motion to reopen based on new evidence that corroborated the existence of his girlfriend and son.  After a review of the parties' briefs and the record on appeal, we dismiss the petition in part, and deny the petition in part.[1]

I.

In a petition for review of a BIA decision, we review factual determinations under the substantial evidence test.  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341,

---

[1] Alghubari also submitted a motion to remand the case for completion of the administrative record, which we deny.  Alghubari cites no authority in support of his argument that it is proper for us to remand the case to the BIA for completion of the administrative record.

1350 (11th Cir. 2009). Under the substantial evidence test, we draw every reasonable inference from the evidence in favor of the BIA's decision, and reverse a finding of fact only if the record compels a reversal. *Id*. at 1351. We must affirm if the BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). The fact that the record may support a contrary conclusion is insufficient to reverse. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). Where a petitioner seeks review of an issue not ruled upon by the BIA, we should deny the petition. *See id*.

An applicant for asylum must meet the Immigration and Nationality Act's (INA) definition of a refugee. 8 U.S.C. § 1158(b)(1). The INA defines a refugee as a person who cannot return to his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish eligibility for asylum, a petitioner must demonstrate either past persecution, or a well-founded fear of future persecution, based on a statutorily listed factor. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam). The alien must present "specific, detailed facts showing a good reason to

fear that he or she will be *singled out* for persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (emphasis in original) (internal quotation marks omitted).  If the petitioner demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution.  *Ruiz*, 440 F.3d at 1257.  If the petitioner cannot demonstrate past persecution, he must demonstrate that his well-founded fear of future persecution is subjectively genuine and objectively reasonable.  *Id*.

An alien seeking withholding of removal similarly must show that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1231(b)(3)(A). The burden of proof for withholding of removal, however, is "more likely than not," and, thus, is "more stringent" than the standard for asylum relief.  *Sepulveda,* 401 F.3d at 1232.  "To establish eligibility for CAT relief, an applicant must show that it is more likely than not that he will be tortured by, or with the acquiescence of, government officials if returned to the designated country of removal." *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1324 (11th Cir. 2010); 8 C.F.R. § 208.16(c)(2). Where a petitioner fails to establish a claim of asylum on the merits, he necessarily fails to establish any claims for withholding of removal or CAT relief.  *See Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006) (per curiam).

4

We have described persecution as an "extreme concept." *Id*. at 1290 (internal quotation marks omitted).  Under certain circumstances, detention may rise to the level of persecution.  *Id*.  In *Zheng*, we concluded that a five-day period of incarceration that did not produce any injuries did not compel a conclusion of persecution.  *Id*.  Similarly, a thirty-six-hour period of incarceration in a small cell shared by twelve people, accompanied by multiple beatings, one of which involved a belt, resulting in scratches, bruises, and hospitalization, did not compel a conclusion of persecution.  *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008).  In *Kazemzadeh*, we concluded that a four-day period of incarceration, including a five-hour interrogation and beating, accompanied by post-incarceration monitoring, also did not compel a conclusion of persecution. 577 F.3d at 1353.  On the other hand, we have held that the breaking up of a church service, confiscation of family bibles, and a seven-day detention accompanied by two interrogations, being slapped in the face, thrown to the floor, threatened to be beaten with a baton, and handcuffed to an iron bar overnight outside in the rain did compel a finding of persecution.  *See Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1235–37 (11th Cir. 2013).

Here, substantial evidence supports the BIA's determination that Alghubari failed to establish past persecution.  Alghubari's testimony established that he was arrested and detained on three occasions between 1997 and 2000.  The longest he

was detained was three days.   While detained in 2000, he was not physically beaten, but he was pushed from the back of the neck and his genitals were touched. He explicitly testified that he was never physically injured during these arrests and detentions.  When compared with our precedent, these incidents do not compel the finding of anything more than harassment.  *See Kazemzadeh*, 577 F.3d at 1353; *Djonda*, 514 F.3d at 1174; *Zheng*, 451 F.3d at 1290.

Substantial evidence also supports the BIA's determination that Alghubari did not have a well-founded fear of future persecution.  Because Alghubari did not establish that he experienced past persecution, there is no presumption of a well-founded fear of future persecution.  *See Ruiz,* 440 F.3d at 1257.  While the 2005 State Department Country Report and 2005 International Religious Freedom Report reflected that there was a lack of religious freedom in Saudi Arabia and that the Shia/Ismaili minorities were subject to political and economic discrimination, neither report indicated that individual Ismailis were likely to be singled out for persecution.  Additionally, Alghubari's expert witness did not provide specific and detailed testimony that indicated that Alghubari himself faced a reasonable likelihood of persecution if he returned to Saudi Arabia.  The expert witness testified that an Ismaili who engaged in pre-marital sex would receive a very harsh punishment, but did not explain further what he meant.  Additionally, there is nothing in the record to indicate what that punishment would be.  Accordingly,

6

Alghubari did not submit specific and detailed facts that established that he would be singled out for persecution. *See Sepulveda*, 401 F.3d at 1231. Therefore, there is insufficient evidence to compel a finding that Alghubari demonstrated a well-founded fear of future persecution.

The BIA did not consider whether Alghubari should be granted asylum as a matter of discretion, thus we are precluded from reviewing Alghubari's challenge to the IJ's denial of his asylum application on such a basis. *See Lopez*, 504 F.3d at 1344. Because Alghubari failed to establish a claim of asylum on the merits, he failed to establish any claims for withholding of removal or CAT relief. *See Zheng*, 451 F.3d at 1292. Therefore, the BIA did not err in denying his applications for withholding of removal and CAT relief. Accordingly, we deny Alghubari's petition as to this issue.

## II.

We review de novo our own subject matter jurisdiction. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam). A petition for review must be filed with the court of appeals no later than thirty days after the BIA's final order of removal. 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional and not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam).

Here, to timely petition for review of the BIA's August 7, 2012 order denying Alghubari's motion to reconsider, Alghubari had to file within thirty days of that date, by September 6, 2012. 8 U.S.C. § 1252(b)(1). Alghbari filed his petition on January 11, 2013. Consequently, his petition is untimely as to the August 2012 order. *See id.* Because this statutory time limit is mandatory, jurisdictional, and not subject to equitable tolling, Alghubari's argument that we should review the August 2012 denial of his motion to reconsider because of the BIA's clerical error lacks merit. *See Dakane*, 399 F.3d at 1272 n.3. Regardless of any clerical error by the BIA, Alghubari had the duty to petition for review within thirty days of the order denying reconsideration if he wanted to preserve his right to judicial review. But he did not. Accordingly, we dismiss Alghubari's petition for review as to this issue.

## III.

We review the denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Id.*

We have held that, at a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a prima facie case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a

8

determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

"An alien may file one motion to reopen removal proceedings, which motion shall state the new facts that will be proved at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam) (internal quotation marks omitted).  Furthermore, the BIA's regulations state that a motion to reopen proceedings shall not be granted unless it appears to the BIA that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).  "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case."  *Jiang*, 568 F.3d at 1256–57 (internal quotation marks omitted).

Here, the BIA did not abuse its discretion in denying Alghubari's motion to reopen.  In its original denial of Alghubari's asylum application, the BIA affirmed the IJ's finding that Alghubari failed to corroborate his claim because he did not provide any evidence of the existence of his girlfriend and son, which the IJ concluded was reasonably available.  In the alternative, the BIA determined that,

9

even if the girlfriend and son existed, Alghubari's asylum application was properly denied because he failed to show that he would be persecuted because he was an Ismaili who engaged in pre-marital sex with a non-Muslim woman. While Alghubari's new evidence supports his testimony that he was not in contact with his girlfriend, son, or his family, and it would be difficult for him to obtain such evidence, this fact alone does not corroborate the existence of his girlfriend and son. Moreover, as noted by the BIA, the email from Alghubari's cousin does not have any impact on the BIA's alternative holding that Alghubari failed to show that he would be subjected to the mistreatment that rises to the level of persecution because of his religion and the fact that he engaged in pre-marital sex. The BIA's determination that Alghubari's new evidence would not likely change the result of his case was not arbitrary or capricious. Accordingly, we deny the petition as to this issue.

**PETITION DISMISSED IN PART, DENIED IN PART.**